IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case Number 16-35511 |
| | ) | |
| HAVEN REAL ESTATE | ) | Chapter 11 |
| FOCUS FUND LP, | ) | |
| | ) | Judge Jack B. Schmetterer |
| Debtor, | ) | |

**Notice of First and Final Application of Counsel For Debtor For Allowance of
Compensation and Reimbursement of Expenses**

TO:    See Attached Service List

Please take notice that on the **12th day of September, 2017 at 10:00 a.m.**, Richard G. Larsen of the firm of Springer Brown, LLC shall appear before the **Honorable Judge Jack B. Schmetterer,** or any judge sitting in his stead, **Courtroom 682, 219 S. Dearborn Street, Chicago, IL 60604**, and present Debtor's *Motion for First and Final Fee Application of Counsel for Debtor For Allowance of Compensation and Reimbursement of Expenses*.

/s/ Richard G. Larsen /s/
One of the Attorneys

Richard G. Larsen
Springer Brown, LLC
300 S. County Farm Road
Suite I
Wheaton, IL 60187
630-510-0000

**CERTIFICATE OF SERVICE**

I, the undersigned, an attorney, hereby state that pursuant to the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE and MOTION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Wheaton, Illinois on or before this **30th** day of **August, 2017.**

/s/ Richard G. Larsen /s/

## SERVICE LIST

**VIA ECF**

Gretchen Silver, Trial Attorney
Office of the United States Trustee
219 S. Dearborn St
Room 873
Chicago, IL 60604

Curtis Miller
John DiTomo
Andrew J. Roth-Moore
Morris, Nichols, Arsht, Tunnell, LLP
1201 N. Market St.
Wilmington, DE 19899

**VIA REGULAR MAIL**

Haven Real Estate Focus Fund
c/o Albert Adriani
12824 S. Misty Harbor Lane
Palos Park, IL 60464

Dean Ketcham
496 Degway Road
Brownfield, ME 04010

Ditommaso & Lubin
17W220 W. 22nd Street
Suite 410
Oakbrook Terrace, IL 60181

Griesing Law, LLC
1717 Arch Street
Suite 3630
Philadelphia, PA 19103

Lynn Lewis IRA
c/o Millenium Trust Company
2001 Spring Road, #700
Oak Brook, IL 60523

Matthew Pordugal Trust
14835 Sunny Lane
Orland Park, IL 60462

McCarter & English, LLP
405 N. King Street
8th Floor
Wilmington, DE 19801

Nora Coers
Herengracht 5
Amsterdam
The Netherlands
1015 BA

Scott C. Lucas, Ltd.
127 S. 1st Street
Suite 301
Geneva, IL 60134

Sehoy Energy, LP
333 Texas Street, #619
Shreveport, LA 71101

Sehoy Energy, LP
c/o Morris, Nichols, Arsht & Tunnell, LLP
1201 North Market St.
Wilmington, DE 19899-1347

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case Number 16-35511 |
| | ) | |
| HAVEN REAL ESTATE FOCUS FUND LP, | ) ) | Chapter 11 |
| | ) | Judge Jack B. Schmetterer |
| Debtor, | ) | |

### FIRST AND FINAL FEE APPLICATION OF COUNSEL FOR DEBTOR FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Richard G. Larsen and the firm of SPRINGER BROWN, LLC, (the "Applicant"), counsel for the Debtor, pursuant to Section 330 and 331 of the Bankruptcy Code, 11 U. S. C. 101 et seq.(the "Code"), hereby applies to the Court for an order allowing compensation for professional services rendered and reimbursement of expenses incurred during the period of November 1, 2016 to August 25, 2017. In support hereof, the Applicant states as follows:

### INTRODUCTION

1. The Debtor filed its petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Code") on November 6, 2017 under 11 U.S.C. §101 et. seq.

2. The Debtor was authorized to employ Richard G. Larsen and the firm of Springer Brown, LLC, as its bankruptcy counsel on January 1, 2017 retroactive to the date of filing of the case with any compensation to be approved by the Court upon application of the applicant.

3. The Applicant seeks herein allowance of compensation and reimbursement of expenses of the period of November 1, 2016 to August 25, 2017 (the "Period") and is the first application by counsel for the Debtor. Applicants devoted **87.10 hours** of legal services during the period at a normal hourly rate of **$350.00/hour** for the time of Elizabeth A. Bates, Richard G. Larsen, and Joshua D. Greene. All amounts for travel time have been billed at half of the hourly

4

rate ($175.00/hr). The Applicant requests compensation in the amount of **$26,810.00** and reimbursement of ordinary and necessary expenses for the same period incurred in connection therewith in the amount of **$163.40.** A complete description of the services is attached as *Exhibit "A"*.

4. All services for which compensation is requested by your applicant were performed for or on behalf of said debtor in possession, and not on behalf of any committee, creditor or other person.

## SUMMARY OF SERVICES RENDERED

5. The Applicant represented and advised the Debtor on various matters related to the bankruptcy during the period. Applicant has identified and set forth six (6) categories of legal services. Each category contains a narrative of the matter involved, a general description of the tasks performed, detailed time records in chronological order with Applicant's time described therein, and the results achieved or the benefit to the estate. See In Re Wildman, 72 B.R. 700 (N.D.Ill, 1987); In Re Pettibone, 74 B.R. 293 (N.D. Ill., 1987); In Re Continental Illinois Securities Litigation, 962 F.2d 566 (7th Cir., 1992) The following is a summary of the services rendered in eight (8) categories of work as reflected on Exhibit A attached hereto.

**(a) Initial Case Review, Prepare Bankruptcy Petition, and 341(a) Meeting. Time expended 10 hours. Amount requested $3,535.00.**

The Applicant consulted with the Debtor about the possibilities of reorganizing the Debtor, and devised a strategy for the case. Also, the Applicant reviewed the Debtor's documents, drafted the Debtor's bankruptcy petition, and attended the Initial Debtor Interview as well as the Creditors meeting. This category also includes handling of day-to-day questions from Debtor and Creditors.

**(b) Initial Motions Filed in Case. Time expended 8.50 hours. Amount requested $2,625.00.**

The Applicant filed the initial motions in the case including the Motion to be hired and the Motion to Set a Bar Date. In addition, the Applicant monitored and amended the Service List for any additions for all subsequent Motions.

5

**(c) Review of Monthly Operating Reports. Time expended .2 hours. Amount requested $70.00.**

The Applicant reviewed the Debtor's applicable monthly operating report for each month, and filed the same.

**(d) Response to Rule 2004 examination and related discovery motions. Time expended 28.90 hours. Amount requested $9,415.00.**

The applicant responded to interest holders request for Rule 2004 examination and coordinated with counsel to produce documents and protect privileged documents, to the extent not waived.

**(e) Prepare all motions and litigation to implement combined Plan and Disclosure Statement. All preparations and litigation related to the preparation of plan and disclosure statement and modifications. Time expended 36.40 hours. Amount requested $10,290.00.**

This category includes all time spent on reviewing and revising drafts and obtaining approval of the Plan and Disclosure Statement and preparing all other necessary pleadings to confirm and implement the plan.

**(f) Preparation of Fee Application Petition for Applicant. Time expended 3 hours. Amount requested $1,050.00.**

The Applicant devoted 3 hours to the preparation of this application which complies with the guidelines established by this court in In Re Wildman, 72 B.R. 700 (N.D.Ill. 1987) and In Re Pettibone, 74 B.R. 293 (N.D. Ill., 1987). Applicant requests compensation for the preparation of this petition in accordance with In Re Nucorp Engery, Inc. 764 F.2d 655 (9th Cir.) which this district has adopted and which limits compensation for the preparation of a fee petition to 5 per cent of the total to be requested which this application complies with.

## EXPENSES

6. During the Period, the Applicant incurred in expenses necessary to its representation of the Debtors. The amount requested for expenses, which are summarized on *Exhibit "B"* is for actual and necessary expenses incurred.

## LEGAL STANDARD

6

7.  Section 330 of the Code governs the allowability of fees and expenses for professionals employed in a bankruptcy case. Generally, professionals are entitled to (1) "reasonable compensation for actual, necessary services rendered…" and (2) "reimbursement for actual, necessary expenses." 11 U.S.C. Section 330.

8.  All of the services rendered by Applicant were performed by Richard G. Larsen, Elizabeth A. Bates, and Joshua D. Greene, (the rate of $350.00). Time records for such services are maintained on a contemporaneous basis, and are subsequently reviewed to eliminate apparently unproductive or insufficiently documented time charges. Time is recorded on a tenth-of-an-hour basis. Therefore, the charges for which compensation is sought represent actually spent, "hard-core" time devoted to this case.

9.  The compensation rates charged by Counsel are comparable to those charged by other practitioners of similar standing, skill and experience in cases of equal complexity.

10. The services rendered by Applicant were necessary services that have benefited this estate by providing funds to distribute to creditors and enabling the Debtor in Possession to perform his statutory duties. The expenses incurred by Applicant were necessary expenses that substantially contributed to the recovery of the funds now comprising the estate.

11. Based upon the nature, extent and value of the services performed by Applicant and the cost of comparable services other than in a case under this Title, the reasonable compensation for such services is **$26,810.00**.

12. The Applicant incurred expenses of **$163.40** during that period. This amount represents actual expenses incurred, which were necessary to the Applicant's representation of the Debtors.

13. At all times while employed as attorney for the Debtor, Counsel was a disinterested person, neither representing nor holding an interest adverse to the interest of this estate with respect to the matters on which Applicant was employed.

14. As to all time incurred in travel from counsel's office in Wheaton to Court or other hearing in Chicago, applicant has charged half of its hourly rate ($175.00).

15. Debtor's counsel has sent 13 days notice of this application to all creditors and parties in interest. Debtor requests that the notice be reduced from 21 to 13 days to avoid multiple court appearances.

Wherefore, the Applicant prays that an allowance be made in the sum of **$26,810.00** against which should be applied the sum of $10,000.00 paid as a retainer upon the employment of Applicant on account as compensation for professional services rendered and that an allowance and authorization for payment be made in the sum of **$163.40** for reimbursement for actual and necessary costs and expenses incurred in this proceeding and that the balance of **$16,810.00** plus expenses of **$163.40** be payable immediately as an administrative expense in this case, and granting such other and further relief as this court deems just and proper in this proceeding.

/s/ Richard G. Larsen
One of his Attorneys

Richard G. Larsen
Springer Brown, LLC
300 S. County Farm Rd., Ste. I
Wheaton, Ill. 60187
630-510-0000
rlarsen@springerbrown.com